UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH NELSON,

    Plaintiff,

v.                                      Case No. 3:15cv435/MCR/CJK

DEPARTMENT OF CORRECTIONS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 1). Upon review of plaintiff's complaint, the undersigned recommends that this case be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Florida Department of Corrections currently confined at Columbia Correctional Institution Annex. (Doc. 1, p. 2). Plaintiff's complaint identifies an unnamed mental health nurse from the Northwest Florida Reception Center as defendant. (*Id.*). Plaintiff claims the defendant violated his rights under the Eighth Amendment by failing to provide adequate mental health care. (*Id.*, p. 5-7). For relief, plaintiff requests compensatory damages from the Department of Corrections. (*Id.*, p. 7).

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires that the court dismiss this case if satisfied the action is "(i) frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions *(besides those listed above in Questions (A) and (B))*[1] in either **state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" In response to this question, plaintiff disclosed no cases. (Doc. 1, p. 4). Section IV(D) then asks: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (*Id.*). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No." (*Id.*). At the end of plaintiff's complaint, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*Id.*, p. 7). Thus, plaintiff has, in effect, stated that at the time he filed the complaint, he had never filed an action in federal court related to his confinement and never had an action in federal court dismissed as frivolous or for failure to state a claim. Plaintiff's

---

[1] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action. Question (B) asked plaintiff whether he had initiated other actions in federal court dealing with the same or similar facts/issues involved in this action. Plaintiff disclosed one case in response to Question (A) and no cases in response to Question (B). (Doc. 1, p. 3).

Case No. 3:15cv435/MCR/CJK

complaint was submitted to prison officials for mailing on October 1, 2015. (*Id.*, p. 1).

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In light of 28 U.S.C. § 1915(g),[2] the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court takes judicial notice that at the time plaintiff filed his complaint in this case, plaintiff had initiated several actions that required disclosure: *Nelson v. Tew*, Case No. 5:12cv279/MP/CJK, Docs. 33, 34 (N.D. Fla. July 1, 2014) (dismissing plaintiff's complaint for failure to prosecute and failure to comply with an order of the court); *Nelson v. Taylor*, Case No. 5:12cv280/MMP/EMT, Docs. 11, 18 (N.D. Fla. Apr. 18, 2013) (dismissing plaintiff's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Nelson v. Alachua Cnty. Jail*, Case No. 1:10cv4-MP-AK, Doc. 17 (N.D. Fla. May 18, 2010) (case dismissed pursuant to plaintiff's notice of voluntary dismissal); *Nelson v. Dep't of Corr.*, Case No. 3:08cv1127-HES-TEM, Doc. 5 (M.D. Fla. Dec. 3, 2008) (dismissing plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)). These cases may be positively identified as having

---

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 3:15cv435/MCR/CJK

been filed by plaintiff because they bear his FDOC inmate number, DC # 315262. Plaintiff did not disclose these federal actions despite the complaint form's clear instructions to disclose actions initiated in federal court related to his confinement and actions dismissed as frivolous or for failure to state a claim. (Doc. 1, p. 4).

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[3] (Doc. 1, p. 3). If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. 2011) (*citing* Fed. R. Civ. P. 11(c))(court may impose sanctions, including dismissal, "if a party knowingly files a pleading that contains false contentions"); *Bratton v. Secretary*, No.

---

[3] Plaintiff did not indicate he was unsure about his litigation history.

Case No. 3:15cv435/MCR/CJK

2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 5:08cv300/RS/EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case).

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for plaintiff's abuse of the judicial process.

2. That the clerk note on the docket that the dismissal of this action constitutes plaintiff's third strike under 28 U.S.C. § 1915(g).

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 16th day of October, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:15cv435/MCR/CJK